## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:12-cv-771-FDW
## (3:05-cr-37-FDW-DCK-1)

| | |
|---|---|
| RAFAEL CARDELL SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to the Motion to Vacate, (Doc. No. 6).

**I. BACKGROUND**

On February 28, 2005, Petitioner was indicted by the Grand Jury for the Western District of North Carolina, and charged with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841; using, carrying, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:05cr37: Doc. No. 1: Indictment). On July 24, 1006, Petitioner pled guilty without a plea agreement. (Id., Doc. No. 17: Acceptance and Entry of Guilty Plea; Doc. No. 20: Judgment). This Court sentenced Petitioner to 60 months' imprisonment as to the drug-trafficking and felon-in-possession offenses, and a consecutive 60-month sentence as to the § 924(c) firearm offense. (Id., Doc. No. 20). The Court entered judgment on August 17, 2007, and Petitioner did not appeal.

1

Petitioner filed the instant motion to vacate on November 15, 2012, through the Federal Defenders Office. Petitioner moves this Court to vacate his § 922(g)(1) conviction, contending that his prior North Carolina convictions do not qualify as a predicate felony offenses in light of Simmons. Petitioner also argues that his sentence was improperly enhanced under U.S.S.G. § 2K2.1(a)(2). In addition to seeking relief under § 2225, Petitioner also seeks alternative relief under 28 U.S.C. § 2241, or under the writs of coram nobis or audita querela.

In its Response, the Government asserts that the petition is time-barred because it was filed more than one year after Petitioner's conviction became final and that, even if petition were timely Petitioner's claim is without merit.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted above, the Court entered judgment on August 17, 2007, and Petitioner did not appeal. Therefore, Petitioner's judgment became final fourteen days later, when his time for filing a notice of appeal expired. See FED. R. APP. P. 4(b). Petitioner's motion to vacate, filed on November 15, 2012, is therefore untimely under § 2255(f)(1). Furthermore, none of the other subsections under § 2255(f) applies to render the petition timely.

Furthermore, as Respondent notes, even if the petition were timely, Petitioner would not be entitled to relief under either § 2255 or his alternative theories of relief. Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). Interpreting nearly identical language, the Fourth Circuit held in Simmons that an offense is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison. In so doing, the Fourth Circuit overturned its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which it had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense.

3

See Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under § 922(g)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

In any event, even if Petitioner's claim were not time-barred, it would still be subject to dismissal based on the merits.[1] In support of his claim, Petitioner alleges that sentence was erroneously enhanced based on a prior conviction that no longer qualifies as a felony in light of Simmons. As Respondent notes, however, Petitioner's prior state court conviction does qualify as a felony even after Simmons. Petitioner was previously convicted under North Carolina law for possession of a firearm by a convicted felon. Under North Carolina's Structured Sentencing Act, the felon-in-possession offense is a Class G felony. Based on Petitioner's prior record level of II, he faced a maximum sentence of 17 months in prison. See N.C. GEN. STAT. § 15A-1340.17(c) and (d). Although Petitioner asserts that under the terms of his guilty plea, he could only receive a sentence of 11 months in prison, he pled guilty to an offense for which a person with his criminal history could have received more than one year in prison. Cf. United States v. Edmonds, 679 F.3d 169, 176 (4th Cir.), vacated on other grounds, 133 S. Ct. 376 (2012) (post-Simmons, holding that defendant's prior conviction qualified as a felony drug offense for purposes of 21 U.S.C. § 841(b)(1)(A), even though defendant was sentenced to 9 to 11 months, because, based on the class of felony and the defendant's prior record level, the Structured Sentencing Act provided for a maximum term of 14 months in prison).

In sum, because Petitioner's claim is untimely and is nevertheless without merit,

---

[1] Since Petitioner's § 2255 petition is without merit regardless of any untimeliness, applying equitable tolling would be futile.

Petitioner is not entitled to relief as to this claim under § 2255, or under any of his alternative forms of relief.

## IV. CONCLUSION

For the reasons stated herein, the Court denies Petitioner's motion to vacate. Furthermore, Petitioner is not entitled to relief under any of his alternative theories.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **DENIED**.

2. Petitioner's motion for alternative relief pursuant to 28 U.S.C. § 2241 or under the writs of coram nobis and audita querela is **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: May 14, 2013

Frank D. Whitney
United States District Judge