DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV771-FDW
(3:05CR37-FDW-DCK-1)


| | | |
|---|---|---|
| RAFAEL CARDELL SANDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration of this Court's Order dismissing as time-barred Petitioner's Motion to Vacate, Set Aside, or Correct Sentence and denying Petitioner's alternative grounds for relief. (Doc. No. 9). Petitioner seeks an Order from this Court reversing its earlier decision denying his motion to vacate as untimely. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

On March 21, 2014, the Court entered an order for the Government to respond to the motion for reconsideration. The Government subsequently filed a motion to stay the action pending the Fourth Circuit Court of Appeal's resolution of United States v. Valdoninos, No. 13-4768. The Government filed its response to the motion for reconsideration on October 3, 2014. In adjudicating the motion for reconsideration, the Court has considered the Government's response, as well as Petitioner's Reply attached to his motion for reconsideration. In the response, the Government asserts, and the Court agrees, that in light of the Fourth Circuit's recent decision in United States v. Valdovinos, 760 F.3d 322 (4th Cir. 2014), Petitioner is not

1

entitled to relief on the merits of his motion, regardless of the timeliness of the motion.

Here, Petitioner seeks relief from his conviction on the basis of the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). Specifically, Petitioner argues that he does not have a qualifying predicate conviction under <u>Simmons</u> because his most serious prior convictions were consolidated for sentencing under North Carolina law based on a plea agreement that limited Petitioner's punishment to 11 months in prison. Petitioner's argument is now foreclosed by <u>Valdovinos</u>. On July 25, 2014, the Fourth Circuit held in <u>Valdovinos</u> that as long as a defendant could receive a sentence of more than one year in prison, based on the class of felony committed and his prior record level, the conviction is for a felony offense for purposes of federal law, notwithstanding any plea agreement limiting the punishment to less than a year in state court. <u>See</u> <u>Valdovinos</u>, 760 F.3d at 327-29. Thus, regardless of the statute of limitations bar, <u>Valdovinos</u> precludes relief on the basis argued by Petitioner in the motion to vacate and in the motion for reconsideration. To this extent, Petitioner is not entitled to relief under any of his alternative theories as set forth in the motion for reconsideration, including relief under 28 U.S.C. § 2241, or under the theories of error coram nobis or audita querela.

**IT IS THEREFORE ORDERED** that:

(1) The Court's prior stay of this action is lifted.

(2) Petitioner's Motion for Reconsideration, (Doc. No. 9), is **DENIED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 7, 2014

Frank D. Whitney
Chief United States District Judge